UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,
v.                                                   Case No. 10-20380

Demitrius Danyel Conerly,                 Hon. Sean F. Cox

    Defendant.
_____/

**<u>OPINION AND ORDER ADOPTING THE REPORT
AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

Defendant Demitrius Conerly ("Defendant") is charged in a single-count indictment with possession with intent to distribute cocaine base. (Docket Entry No. 3). The case is currently before the Court for consideration of Defendant's objections to the Magistrate Judge's Report and Recommendation which Defendant filed on October 19, 2010 (Doc. No. 21). For the reasons that follow, the Court shall ACCEPT and ADOPT the Magistrate Judge's Report and Recommendation and DENY Defendant's Motion to Suppress.

BACKGROUND

On July 21, 2010, Defendant filed a motion to suppress the cocaine found in his vehicle at the time of his arrest. (Docket Entry No. 14).

This Court entered an order referring the motion to Magistrate Judge Michael Hluchaniuk on July 22, 2010 (Docket Entry No. 15).

On September 7, 2010, Magistrate Judge Hluchaniuk held a hearing at which time both parties called witnesses and presented evidence.

Relevant Facts

1

On January 20, 2009[1], Defendant was driving a rented vehicle in a high-crime residential area of Flint, MI. (Docket Entry No. 29 at 3). Michigan State Police Trooper Scott Adams ("Trooper Adams") conducted a traffic stop on Defendant's vehicle. *Id*. at 4. The parties' accounts of the facts differ regarding the events that led up to the stop of Defendant's car.

At the evidentiary hearing on this matter, Officer William Renye ("Officer Renye") testified that he observed Defendant execute a turn without signaling. *Id*. at 3. Officer Renye was driving an unmarked police vehicle and radioed Trooper Adams to carry out a traffic stop on Defendant's vehicle. *Id.*

Defendant denies that he failed to use his turn signal when he made the turn. He testified that he is confident that he used his turn signal when executing the turn. *Id*. at 5.

The following facts appear to be undisputed. Following the stop, Trooper Adams asked Defendant if there was any contraband in the vehicle, to which Defendant responded by handing a marijuana cigarette to Trooper Adams. *Id*. at 4. Subsequently, Trooper Adams arrested Defendant and placed him in his patrol vehicle. *Id*. Officer Scott Watson ("Officer Watson") also responded to Officer Renye's call, and arrived at the scene after Trooper Adams stopped Defendant's car. *Id.* at 5. The officers searched Defendant's car and Officer Watson discovered the drugs at issue under the cupholder in the vehicle. *Id*.

ANALYSIS

On October 8, 2010 Magistrate Judge Hluchaniuk filed his Report and Recommendation ("R & R"). Magistrate Judge Hluchaniuk found that Officer Renye's version of the events were

---

[1] The indictment incorrectly alleges that the incident took place on January 29, 2010. The Government noted this mistake at the evidentiary hearing. It was agreed upon that the incident took place on January 29, 2009, as noted in the police report.

more credible than Defendant's version. He also found that Defendant's possession of a marijuana cigarette inside of the vehicle created probable cause for the officers to search the car pursuant to the automobile exception. *Id*. at 11.

## Standard of Review

The Sixth Circuit has stated that "a party must file timely objections with the district court to avoid waiving appellate review." *Smith v. Detroit Federation of Teachers Local*, 231, 829 F.2d 1370, 1373 (6th Cir. 1987). "[O]nly those specific objections to the magistrate's report will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Id.* "A general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991).

Federal Rule of Civil Procedure 72(b)(3) provides: "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id*.; 28 U.S.C. § 636(b)(1). In making this determination, the court is not required to conduct an evidentiary hearing. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a 'de novo determination' rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").

Where a proper objection has been made to the magistrate judge's credibility determinations, a district court reviews the determinations de novo. *See United States v. Saltzman*, 992 F.2d 1218, *2 (6th Cir. 1993) (unpublished) (citing *Raddatz*, 447 U.S. at 681 n.7).

## Objection No. 1

Paragraph one of Defendant's "Objections To Report And Recommendation" does not express any articulable objection to the Magistrate Judge's R & R. (Docket Entry No. 22 at 1). Rather, Defendant merely makes the conclusory statement that "[t]he R and R is erroneous... ." *Id*. For the reasons discussed below, this Court finds that Magistrate Judge Hluchaniuk's R & R is not erroneous.

<u>Objection No. 2</u>

Next, Defendant alleges that the R & R's credibility determination in favor of Officer Renye is erroneous and, therefore, the motion to suppress should be granted. *Id*. at 1-2. Defendant argues that the credibility of the officers in this case was substantially impeached when the officers testified that this incident occurred in 2010, rather than in 2009. *Id*. This Court disagrees.

The Government points out that this testimony was in response to a question by the AUSA, who included the year 2010 in his question, rather than an affirmative statement by Officer Renye. (Docket Entry No. 23 at 2). Furthermore, Magistrate Judge Hluchaniuk stated:

> Weighing the relative credibility of Officer Renye as compared to Defendant, the undersigned credits Officer Renye's version of the events. Officer Renye would seem to have no motive to fabricate his testimony merely to implicate defendant. He did not observe the driver of the car until it had been stopped so no personal bias against the defendant was present. The police report, as acknowledged by defendant, reflected that the stop was based on the traffic violation, which was cosnistent with the officer's in-court testimony. His demeanor on the witness stand did not suggest false testimony.

(Docket Entry No. 21 at 7).

Magistrate Judge Hluchaniuk further explained:

> On the other hand, defendant has a clear motive to falsify the testimony – he could very well view this is as an opportunity to avoid

4

> these criminal charges. Additionally, defendant's testimony was somewhat confused with respect to his location before the traffic stop and, at one point, he testified that he had signaled his turn at a different location than had been observed by Officer Renye. This credibility determination results in the conclusion that the traffic stop based on turn signal violation was proper.

*Id.* at 8.

This Court has conducted a thorough review of the R & R, Defendant's objections, and the Government's response to Defendant's objections. Defendant has failed to provide convincing evidence, if any, that the R & R's conclusion as to Officer Renye's testimony is erroneous. Because the Court may place substantial reliance on a magistrate's proposed findings and recommendations (*See United States v. Raddatz*, 447 U.S. 667 (1980)), the Court reaches the same conclusion as the R & R regarding the decision to credit Officer Renye's testimony. Accordingly, the Court denies Defendant's second objection.

<u>Objection No. 3</u>

Third, Defendant objects to the Magistrate Judge's conclusion that there was probable cause to search the vehicle. Defendant contends that "[j]ust because Mr. Conerly handed a marijuana cigarette to the officer does not establish that more marijuana was in the car." (Docket Entry No. 22 at 2). In support of his objection, Defendant cites *Arizona v. Gant*, 129 S. Ct. 1710 (2009), in which the Supreme Court upheld the granting of a motion to suppress. In *Gant*, the defendant was arrested for driving with a suspended license. The Court held that it was improper for officers to search the defendant's vehicle outside of the grab area of the Defendant, and that there was no evidence of driving with a suspended license that could be found inside the vehicle. *Id*. The Supreme Court concluded that police may search a vehicle if "it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id*. at 1723.

The Government, on the other hand, likens this case to *United States v. Garza*, 10 F. 3d 1241 (6th Cir. 1993) and *United States v. Crumb*, 287 Fed. Appx. 511 (6th Cir. 2008). (Docket Entry No. 23 at 3). In *Garza*, the Sixth Circuit held that the smell of marijuana inside a vehicle constituted probable cause to search the vehicle for evidence of marijuana possession. Similarly in *Crumb*, the odor of marijuana and a police officer's observation of a partially smoked marijuana cigarette in the car constituted probable cause for the officer to search the vehicle. The Government argues that if the scent of marijuana inside of a car is a sufficient basis for probable cause to search the vehicle, then the sight of marijuana inside of the car is at least as sufficient a basis for probable cause to search the vehicle.

The Government's logic is compelling. The Magistrate Judge correctly distinguished *Gant* from the instant case. Here, Defendant's vehicle was not searched as a result of the traffic violation, but rather, Officers searched Defendant's vehicle because Defendant handed Trooper Adams a marijuana cigarette. Trooper Adams subsequently arrested Defendant for possession of marijuana. Defendant's initial act of possessing marijuana inside the vehicle sufficiently established probable cause that additional evidence of marijuana possession could be found inside the car. Once the Officers have established probable cause, the automobile exception to the warrant requirement permits officers to search a car without a warrant. Accordingly, the Court denies Defendant's third objection.

CONCLUSION & ORDER

The Court ACCEPTS and ADOPTS the Report and Recommendation. Defendant's Motion To Suppress Evidence is DENIED.

IT IS SO ORDERED.

S/Sean F. Cox
						Sean F. Cox
						United States District Judge

Dated: November 15, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 15, 2010, by electronic and/or ordinary mail.

						S/Jennifer Hernandez
						Case Manager